**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Senior Judge Raymond P. Moore**

Civil Action No. 22-cv-01718-RM

ANDREW BRYANT SOUSER,

      Applicant,

v.

LITTLE, Warden, and
ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

Applicant, Andrew Bryant Souser, is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado.  Mr. Souser has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("the Application") (ECF No. 1), challenging the validity of his conviction and sentence in Boulder County District Court case number 15CR667.  He has paid the filing fee. (ECF No. 1).

On November 15, 2022, Respondents filed an Answer to the Application for Writ of Habeas Corpus. (ECF No. 21).  Mr. Souser did not file a Reply despite have an opportunity to do so. (*See* docket).

After reviewing the record before the Court, including the Application, the Answer, and the state court record, the Court FINDS and CONCLUDES that the Application should be denied and the case dismissed with prejudice.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Souser was convicted by a jury of sexual assault, unlawful sexual contact, attempted

unlawful sexual contact, two counts of harassment, attempt to influence a public servant, and

additional lesser offenses. (ECF No. 7-2 at 2 (citing CF, pp.30-33)). The Colorado Court of

Appeals described the relevant factual background and trial proceedings as follows:

> Defendant, Andrew Bryant Souser, followed the victim into an underpass, pinned
> her against a wall, and grabbed her breast.  Souser then digitally penetrated her.
> After a bystander walked by, Souser ran away.
>
> Souser then went to a bus stop where he sat next to another female student and
> moved his hand up her inner thigh. She escaped by running away.
>
> Both the victim and the other female student described Souser and, after the
> police found an individual matching their description, identified him.  Police
> found a feminine article of clothing and accessories, including a bra, when they
> arrested Souser.  At trial, other women identified him as someone who had
> approached them in a similarly sexually predatory manner near that time, often
> near the underpass.
>
> The prosecutor charged Souser with harassment, sexual assault, and unlawful
> sexual contact for following, touching, and assaulting the victim in the underpass.
> The prosecutor also charged Souser with attempted unlawful sexual contact and
> harassment for his attempt against the second female student and with attempt to
> influence a public servant.
>
> A jury convicted Souser as charged and of additional lesser offenses that he
> requested.  The court sentenced him for both sexual assault and unlawful sexual
> contact, reasoning that the touching of the victim's breast was sufficiently distinct
> from the later digital penetration to constitute two separate offenses.

(ECF No. 7-4 at 2-4).  Mr. Souser was sentenced to consecutive 12-year indeterminate sentences

on both the sexual assault and unlawful sexual contact convictions and an additional 2-year

sentence on the attempt to influence a public servant conviction, for a total of 26-years to life in

prison. (*See* ECF No. 7-2 at 10 (citing TR 7/15/16, pp. 46-49)).  The judgment of conviction was

affirmed on direct appeal. (*See* ECF No. 7-4).  On September 7, 2021, the Colorado Supreme

Court denied Mr. Souser's petition for writ of certiorari on direct appeal. (*See* ECF No. 7-5). Although not mentioned by Respondents, the Register of Action indicates that Mr. Souser filed a motion for sentence reconsideration under Crim. P. 35(b) on January 14, 2022, which was denied on January 20, 2022. (ECF No. 7-1 at 1).  There is no indication that Mr. Souser appealed this denial.

      Mr. Souser initiated this action on July 11, 2022. (ECF No. 1).  He asserted the following three claims for relief based on double jeopardy:

    1.    The trial court failed to merge Applicant's convictions for sexual assault and criminal sexual contact with force against the same victim;

    2.    The trial court failed to merge Applicant's convictions for second degree sexual assault and criminal sexual contact with force against the same victim; and

    3.    The trial court failed to merge Applicant's convictions for touching and attempted criminal sexual contact against the same victim.

(ECF No. 1 at 4-5).

      In their Pre-Answer Response, Respondents conceded that the Application was timely. (ECF No. 7 at 3).  Further, Respondents conceded that Mr. Souser had exhausted state remedies for claim one. (*Id.* at 5).  However, Respondents contended that Mr. Souser's other two claims (claims two and three) were not exhausted because he did not raise the claims on appeal in state court. (*Id.* at 5-6).  The Court agreed with Respondents, and on September 29, 2022, it dismissed Mr. Souser's second and third claims as unexhausted and procedurally barred. (ECF No. 13). Respondents were ordered to file an Answer as to Mr. Souser's first claim (*see id.*), which they did on November 15, 2022 (ECF No. 21).  Mr. Souser was given the opportunity to file a Reply to the Answer but he failed to do so. (*See* docket).

## II. STANDARDS OF REVIEW

The Court must construe the Application and other papers filed by Mr. Souser liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Mr. Souser bears the burden of proof under § 2254(d). *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The Court's inquiry is straightforward "when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).  "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*  When the last state court decision on the merits "does not come accompanied with those reasons, . . . the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Id.*  The presumption may be rebutted "by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state

4

court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." *Id.*

The threshold question the Court must answer under § 2254(d)(1) is whether Mr. Souser seeks to apply a rule of law that was clearly established by the Supreme Court at the time the state court adjudicated the claim on its merits. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id*. at 1018.

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405, 120 S. Ct. 1495). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405, 120 S. Ct. 1495 (citation omitted).

5

> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08, 120 S. Ct. 1495.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. A decision is objectively unreasonable "only if all fairminded jurists would agree that the state court got it wrong." *Stouffer v. Trammel*, 738 F.3d 1205, 1221 (10th Cir. 2013) (internal quotation marks omitted). Furthermore,

> evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted, brackets in original). In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. at 102. In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181.

6

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 562 U.S. at 102 (stating "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 562 U.S. at 103.

Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. Pursuant to § 2254(e)(1), the Court presumes the state court's factual determinations are correct and Mr. Souser bears the burden of rebutting the presumption by clear and convincing evidence. The presumption of correctness applies to factual findings of the trial court as well as state appellate courts. *See Al-Yousif v. Trani*, 779 F.3d 1173, 1181 (10th Cir. 2015). The presumption of correctness also applies to implicit factual findings. *See Ellis v. Raemisch*, 872 F.3d 1064, 1071 n.2 (10th Cir. 2017).

Finally, the Court's analysis is not complete even if Applicant demonstrates the state court decision is contrary to or an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. *See Harmon v. Sharp*, 936 F.3d 1044, 1056 (10th Cir. 2019), *cert. denied*, 141 S. Ct. 294 (2020). If the requisite showing under § 2254(d) is made, the Court must consider the merits of the constitutional claim *de novo*. *See id.* at 1056-57.

7

If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. *See id.* at 1057.  However, even if a claim is not adjudicated on the merits in state court, the Court still must presume the state court's factual findings pertinent to the claim are correct under § 2254(e). *See id.*

## III.  DISCUSSION

Mr. Souser's remaining habeas claim is that the trial court failed to merge his convictions for sexual assault and unlawful sexual contact, in violation of the Double Jeopardy Clause.  The Double Jeopardy Clause protects a defendant against multiple punishments for the same offense. U.S. Const. Amend. V.  When multiple sentences are imposed in the same trial, the constitutional guarantee "is limited to assuring that the [sentencing] court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Rutledge v. United States,* 517 U.S. 292, 297, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996); *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) (holding that "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended").

The Supreme Court has established the "same-elements test," also known as the *Blockburger* test, to review double jeopardy claims involving the charging of separate offenses under separate statutes. *Blockburger v. United States*, 284 U.S. 299 (1932).  Under this test, a court must consider "whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993).  However, in *Missouri v. Hunter*, 459 U.S. 359 (1983), the Supreme Court clarified that with respect to cumulative sentences

8

imposed at a single proceeding, the Double Jeopardy Clause does no more than prevent the

sentencing court from prescribing greater punishment than the legislature intended. *Id.* at 366–69

("Where, as here, a legislature specifically authorizes cumulative punishment under two statutes,

regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a

court's task of statutory construction is at an end and the prosecutor may seek and the trial court or

jury may impose cumulative punishment under such statutes in a single trial.").  Accordingly,

even if the *Blockburger* test indicates the offenses are the same, if it is evident that a state

legislature intended to authorize cumulative punishments, there is no double jeopardy violation.

*Ohio v. Johnson*, 467 U.S. 493, 499 (1984) ("[T]he question under the Double Jeopardy Clause

whether punishments are 'multiple' is essentially one of legislative intent" because the

"protection against cumulative punishments . . . is designed to ensure that the sentencing

discretion of courts is confined to the limits established by the legislature[.]") (citing *Missouri v.

Hunter*, 459 U.S. 359, 366-68 (1983)).

The Colorado Court of Appeals reviewed Mr. Souser's double jeopardy claim *de novo* and

rejected it on the merits, concluding that Mr. Souser was not subjected to multiple punishments

for the same offense.  The state court provided the following detailed and lengthy explanation:

> IV. Sentencing
>
> Souser contends that his convictions for sexual assault and
> unlawful sexual contact must merge.  He also contends that the
> sentences for these offenses must be concurrent.  Again, we
> disagree.
>
> A.  Merger
>
> The People concede preservation, so our standard of review is de
> novo. *Page v. People*, 2017 CO 88, ¶ 6.

9

A defendant commits sexual assault by means of penetration when he "knowingly inflicts . . . sexual penetration on a victim" and "causes submission of the victim by means of sufficient consequence reasonably calculated to cause submission against the victim's will." § 18-3-402(1)(a), C.R.S. 2020; *Page*, ¶ 15.

A defendant commits unlawful sexual contact when he knowingly touches "the victim's intimate parts" with "the purposes of sexual arousal, gratification, or abuse," § 18-3-401(4), C.R.S. 2020, and "knows that the victim does not consent," § 18-3-404(1)(a), C.R.S. 2020; *Page*, ¶ 14.

A defendant may not be convicted of a lesser included offense when "the elements of the lesser offense are a subset of the elements of the greater offense, such that the lesser offense contains only elements that are also included in the elements of the greater offense." *Reyna-Abarca v. People*, 2017 CO 15, ¶ 64. And unlawful sexual contact is a subset of sexual assault by means of penetration. *Page*, ¶ 19.

"But "[sic] [m]ultiple convictions for two separate offenses the elements of one of which constitute a subset of the elements of the other can clearly stand if the offenses were committed by distinctly different conduct." *People v. Dominguez*, 2019 COA 78, ¶ 63 (quoting *People v. Rock*, 2017 CO 84, ¶ 17); *see Rock*, ¶ 17 ("Separate convictions for . . . the same offense are permissible if it was committed more than once.").

"[D]etermining precisely when conduct supporting one commission of a particular offense is factually distinct from conduct supporting another commission of the same offense is not always so clear." *Schneider v. People*, 2016 CO 70, ¶ 14. Our supreme court has identified various considerations, "including temporal and spatial proximity, and the presence of intervening events or volitional departures, that will often be relevant in making this determination." *Id.*

The prosecutor charged Souser with one count of sexual assault and one count of unlawful sexual contact. The victim testified that Souser grabbed her breast over her clothes. She also testified that he then unbuttoned her jeans, pulled down her pants, and digitally penetrated her.

During closing argument, the prosecutor argued the jury could find Souser inflicted sexual intrusion on the victim based on the

10

testimony by the victim and the testimony of the bystander who assisted the victim because Souser caused the submission of the victim and digitally penetrated her against her will.  The prosecutor also argued the jury could find Souser engaged in unlawful sexual contact based on

- the digital penetration; and
- the victim's testimony that Souser touched her breasts.

We conclude that unbuttoning and pulling down the victim's pants "clearly evidence[d] a change in circumstances" from unlawful sexual contact. *Id.* at ¶ 19.  The prosecutor argued that Souser first touched the victim's breast; then he chose to cause submission of the victim against her will to inflict sexual intrusion upon her.  We agree these two acts constitute factually distinct conduct. *Id.*

Souser claims there "were no new volitional departures or intervening events."  But his inflicting sexual intrusion on the victim and causing submission of the victim against her will, after having touched her breasts, constituted a different volitional departure.

Souser's reliance on *Woellhaf v. People*, 105 P.3d 209, 216 (Colo. 2005), for the proposition that unlawful sexual contact and sexual assault constitutes [sic] a unit of prosecution is misplaced.  We agree that the unit of prosecution for unlawful sexual contact must be charged as one offense, even if multiple intimate parts are touched in the course of the encounter.  The unit of prosecution under the sexual assault statute, however, is an act of penetration or intrusion that establishes the elements of sexual contact. *See Page*, ¶ 19.  Whereas any other sexual contact, such as touching the victim's breast, constitutes an additional offense. *See* § 18-3-404(1)(a).

For the same reasons as above, this is also why we reject Souser's claims that "[m]ultiple types of sexual contact occurring during one incident do not generally give rise to multiple sexual offenses."  True enough.  But the evidence here concerned an act of unlawful sexual contact followed by an additional act of unlawful sexual contact that involved penetration.

Souser's case, therefore, is unlike *People v. Marko*, 2015 COA 139, ¶ 246, *aff'd on other grounds*, 2018 CO 97, where the division concluded the prosecutor presented insufficient evidence

11

> that defendant committed two factually distinct offenses of *sexual penetration* because the defendant's statement to the police did not reveal whether the acts were separated in time, occurred in different locations, or were the product of new volitional departures.  It is also unlike *People v. Morales*, 2014 COA 129, ¶ 60, where the division held that the record contained little evidence suggesting separate offenses.

(ECF No. 7-4 at 19-23).

Mr. Souser does not cite any contradictory governing law set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a different result. *See House*, 527 F.3d at 1018.  Therefore, he fails to demonstrate that the state court's determination with respect to his claim was contrary to clearly established federal law under § 2254(d)(1).

Mr. Souser also fails to demonstrate that the state court's rejection of his claim was based on an unreasonable application of clearly established federal law under § 2254(d)(1).  In fact, the state appellate court applied the same elements test, similar to the *Blockburger* test, and determined that sexual contact is a lesser included offense of sexual assault.  However, the state appellate court then determined that the offenses of sexual contact and sexual assault committed by Mr. Souser involved distinctly separate conduct and, thus, under state law, he could be convicted and sentenced for both offenses.

Mr. Souser also fails to demonstrate that the state court's rejection of his claim was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2).  Pursuant to § 2254(e)(1), the Court presumes the state court's factual determinations are correct, and Mr. Souser bears the burden of rebutting the presumptions by clear and convincing evidence.

Therefore, in this case, the Court presumes that the state court's factual determinations are correct, including the finding that there was a new volitional departure when Mr. Souser decided to "unbutton[] and pull[] down the victim's pants" after he touched her breast.  Mr. Souser has not rebutted this factual determination by clear and convincing evidence.  In his Application, Mr. Souser's supporting facts for his first claim, in their entirety, are as follows:

> Mr. Souser was convicted of both a 2nd degree sexual assault and a criminal sexual contact with force against the same victim . . . . These were alleged to have happened at the same time and in the same location.  They both carry the same sentence of 4-12 years indeterminate.  Mr. Souser was sentenced on both to a maximum sentence of 12 years on each.  Since both offenses are practically the same this constitutes a violation of Mr. Souser's protection under the constitution against being charged with multiple offenses for the same offense, or a [sic] Double Jeopardy.  The contention by the prosecutor is that toching [sic] of breasts and touching of the vagina cause separate offenses. This is simply not the case.

(ECF No. 1 at 4).  Mr. Souser's assertions do not provide any clear and convincing evidence that touching a victim's breast and then digitally penetrating her are the same conduct.  As the state court explained:  Mr. Souser touching the victim's breast "constitute[d] factually distinct conduct" and "constituted a different volitional departure" from him digitally penetrating the victim.

Although this Court is not bound by state court rulings on ultimate constitutional questions, it "should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes." *Thomas v. Kerby*, 44 F.3d 884, 887 (10th Cir. 1995) (quoting *Mansfield v. Champion,* 992 F.2d 1098, 1100 (10th Cir.1993) (citing *Steele v. Young,* 11 F.3d 1518, 1523 (10th Cir.1993) (looking to state law "to determine whether [petitioner] committed one or more than one offense for double jeopardy purposes")).  Even though the offenses were against the same victim, at the same place, within a

13

continuing time period of a few minutes, and occurred after Mr. Souser told the victim, "I'm going to rape you" (*see* State Court Record, Trial Transcript March 1, 2016, at 75), the state trial court and then the state appellate court determined that Mr. Souser's actions of touching the victim's breast and then digitally penetrating her constituted separate conduct and, thus, separate offenses under Colorado law.  Based on the AEDPA deference standard, this Court is bound by these state court decisions interpreting state law that the Colorado statutes will allow for separate punishments for sexual contact and sexual assault if based on separate conduct.  The factual determination that Mr. Souser touching the victim's breast was separate and distinct conduct from him then digitally penetrating her is not unreasonable.

In conclusion, Mr. Souser fails to demonstrate that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2). Further, Mr. Souser does not cite any contradictory governing law set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a different result. *See House*, 527 F.3d at 1018.  Therefore, he fails to demonstrate the state court's determination was contrary to clearly established federal law under § 2254(d)(1).  He also fails to establish that the state court's rejection of the Double Jeopardy claim was an unreasonable application of clearly established federal law under § 2254(d)(1).

For these reasons, Mr. Souser is not entitled to relief on his double jeopardy argument in claim one.

## IV.  ORDERS

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DENIED and this action is DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that a certificate of appealability will not issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED this 31st day of August, 2023.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge